**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094 <br><br> THIS DOCUMENT RELATES TO ALL CASES <br><br> JUDGE KAREN SPENCER MARSTON |
| DALE DESCHAMPS, INDIVIDUALLY, AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF BARBARA J. DESCHAMPS, DECEASED, <br><br> Plaintiffs, <br><br> v. <br><br> NOVO NORDISK INC., NOVO NORDISK A/S, <br><br> Defendants. | COMPLAINT AND JURY DEMAND <br><br> CIVIL ACTION NO.: 2:26-cv-04121 |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected

1

Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1.      Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Barbara Jean Deschamps                                    .

2.      If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: Dale Deschamps, as Independent Executor of the estate of Barbara Jean Deschamps, deceased.

3.      If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): Dale Deschamps                                    .

4.      If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: Dale Deschamps                                    .

**Defendant(s)**

5.      Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

      ✓    Novo Nordisk Inc.

      ✓    Novo Nordisk A/S

      _____    Eli Lilly and Company

      _____    Lilly USA, LLC

      _____    other(s) (identify): _____

**JURISDICTION AND VENUE**

6.    City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Arlington Heights, IL

7.    State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Illinois

8.    State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Illinois

9.    City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Arlington Heights, IL

10.    Jurisdiction is based on:

    ✔    diversity of citizenship pursuant to 28 U.S.C. § 1332

    _____    other (plead in sufficient detail as required by applicable rules):

11.    The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

United States District Court for the Northern District of Illinois

12.    Venue is proper in the District Court identified in Paragraph 11 because:

    ✔    a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

_____  other (plead in sufficient detail as required by applicable rules): _____

_____

_____

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

## PRODUCT USE

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

    ✓    Ozempic (semaglutide)

    _____    Wegovy (semaglutide)

    _____    Rybelsus (oral semaglutide)

    _____    Victoza (liraglutide)

    _____    Saxenda (liraglutide)

    _____    Trulicity (dulaglutide)

    _____    Mounjaro (tirzepatide)

    _____    Zepbound (tirzepatide)

    _____    Other(s) (specify): _____

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

    Ozempic- 9/2023-6/2024_____

    _____

    _____

    _____

5

## INJURIES AND DAMAGES

16.    To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

_____ Gastroparesis

___✔___ Other gastro-intestinal injuries (specify) Abdominal pain, nausea, vomiting

and diarrhea requiring hospitalization and leading to death

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

___✔___ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify) _____

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

___✔___ Aspiration

___✔___ Death

_____ Additional/Other(s) (specify): _____

17.    Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

Death – 6/2024

Aspiration – 6/2024

Abdominal pain, nausea, vomiting and diarrhea requiring hospitalization and

leading to death – 6/2024

Intestinal Obstruction requiring hospitalization – 6/2024

18.    In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s),

6

Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

   ✓    Injury to self

       Injury to person represented

       Economic loss

       Wrongful death

       Survivorship

       Loss of services

       Loss of consortium

       other(s) (specify): _____

## CAUSES OF ACTION

19.     In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

   ✓    Count I:   Failure to Warn – Negligence

   ✓    Count II:   Failure to Warn – Strict Liability

   ✓    Count III:  Breach of Express Warranty/Failure to Conform to Representations

   ✓    Count IV:  Breach of Implied Warranty

   ✓    Count V:   Fraudulent Concealment/Fraud by Omission

   ✓    Count VI:  Fraudulent/Intentional Misrepresentation

   ✓    Count VII:   Negligent Misrepresentation/Marketing

   ✓    Count VIII:   Strict Product Liability Misrepresentation/Marketing

   ✓    Count IX:  Innocent Misrepresentation/Marketing

   ✓    Count X:   Unfair Trade Practices/Consumer Protection (see below)

   ✓    Count XI:  Negligence

   ✓    Count XII:   Negligent Undertaking

          Count XIII:   State Product Liability Act (see below)

          Count XIV:   Wrongful Death

          Count XV:  Loss of Consortium

          Count XVI: Survival Action

          Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

8

_____

_____

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or

consumer protection statutes of any jurisdiction as identified in Count X above:*

      a.    Indicate the specific statute (including subsections) under which Plaintiff(s)

         is/are bringing such claims:

         _See_ Attachment A._____

         _____

         _____

         _____

      b.    Identify the factual allegations supporting those claims (by subsection, if

         applicable):

         _See_ Attachment A._____

         _____

         _____

         _____

_* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33._

9

21.     If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a.  Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

    N/A

    b.  Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

    N/A

    c.  Identify the factual allegations supporting those claims:

    N/A

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22.     If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? <u>N/A</u>.  If so, attach such notice.

**RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

**JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: June 15, 2026

Respectfully submitted,

By: /s/ Jason S. Goldstein
Jason S. Goldstein, Esq.
PA Bar No.: 334857
Parker Waichman LLP
6 Harbor Park Drive
Port Washington, NY 11050
Phone: (516) 466-6500
jgoldstein@yourlawyer.com

*Attorneys for Plaintiff*

11